Bartlett, J.
(dissenting.) "Assuming that the decision of this case on the former appeal (134 N. Y. 461; 47 St. Rep. 742), is final as to the sufficiency of the notice given defendant of the pendency of the action in the United States circuit court, I am, nevertheless, of the opinion that it was reversible error to admit,* against the objection of defendant, the case and exceptions upon the motion for a new trial in the above action as made up in the federal court.
That record contained the testimony of John Cleary, the plaintiff in that action, and of Owen Martin, who was working with Cleary at the time of the accident. The testimony was read to the jury, and the defendant insists that it was deprived of the right to cross-examine these two witnesses. Plaintiff seeks to answer this suggestion in two ways, viz.:
It is urged, first, that no objection was offered to the admissibility of this record. The objection was to the effect that it was incompetent and immaterial and not a part of the record.
I think that the testimony of the two -witnesses was no part of the record and could not be read to the jury under any rule of evidence.
The effect was to deprive the defendant of its right to cross-examine.
It is further urged, in the second place, that the charge to the jury properly limited the effect of the record, and consequently, the defendant was not prejudiced. • '
I cannot agree with this suggestion in • view of certain refusals *308 to charge at the request of defendant, but even if it be assumed that the charge was all that defendant could legally demand, it would not cure the error of which complaint is made.
The vital question litigated in this action was as to defendant’s negligence and consequent liabilily.
To say, therefore, that on the trial of this issue, the testimony of the two witnesses, who were present at the accident, and one of them the injured -man himself, could be read to the jury without affording defendant the opportunity of cross-examination is, it seems to me, to announce a proposition utterly unsound. It cannot be assumed that the defendant would fail to elicit valuable facts in its favor Tiy subjecting these witnesses to cross-examination.
This common-law right of the defendant to cross-examine is entirely independent of the question as to what was settled by the judgment of the United States circuit court, or the nature of the judge's charge to the jury.
. The trial judge made no reference to the testimony of these witnesses. •
The judgment should be reversed and a new trial ordered with costs to abide the event.
Gray, J., concurs; Andrews, Oh. J., and Peckham, J., concur in result; Bartlett, J., reads for reversal; Finch, J., concurs; Haight, J., not sitting.
Judgment affirmed.